The opinion of the court was delivered by
McEnery, J.
This suit was brought by seven resident tax payers ■of the parish of Avoyelles for themselves and others similarly situated, for the annulment of the ordinance and contract made thereunder between the president of the police jury of said parish and the King Iron Bridge Manufacturing Company, of Cleveland, Ohio.
The tax payers aver that they have an interest to an amount of over $2000 in the annulment of the contract. This is sufficient to give jurisdiction.
The bridge company was made a party defendant through the appointment of a curator ad hoc, upon whom service of citation was made.
The defendant company pleaded an exception that, being a foreign corporation, having no resident agent in this State authorized to receive service of process, it can not be cited through a curator ad hoc in a personal action where no property in the State belonging to the corporation is brought under the control of the court and subjected to its disposition by process adapted to this purpose.
There can be no question or doubt as to the legal proposition announced in the exception. Hackness vs. Hyde, 99 U. S. 478.
There is no effort made in this suit to obtain a judgment against the defendants. They have a property interest in the contract, which is under the control of the court, and which is sufficient to .authorize the substituted service.
Independent, however, of this, the suit has for its object the annulment of an ordinance of the police jury authorizing a contract to be executed in the parish of Avoyelles.
This police legislation is subject to review in a proper proceeding by the tax payer. It is mot an executed contract under which rights have been acquired. It is to prevent the execution of an ille - gal contract. It is really not necessary for the bridge company to be made a party, to determine whether or not the police jury has exceeded its powers and authorized an unlawful contract. If illegal, ■the bridge company can acquire no rights under the ordinance, and *889 it can suffer no injury in the prevention of the entering into the making of an illegal and unlawful contract.
The ordinance authorizes the president of the police jury to contract with the bridge company for the putting up of several bridges in the parish at a cost of $27,300, to be divided in ten equal instalments of $2730 each, with 7 per cent, interest from date, to be evidenced by promissory notes, payable to the order of said bridge ■company, maturing respectively on the 1st day of February of the years 1890 to 1899, inclusive.
The contract made by the president of the police jury with the bridge company was in accordance with said ordinance; the notes were to be issued on the completion of the bridges when accepted, on the 1st of January, 1890.
The police juries have the undoubted authority to construct bridges, repair the same, and to open roads and to keep the same in order. But they have no power to contract an indebtedness for this purpose in advance, and to issue promissory notes or warrants to cover funds, which may be set aside for this purpose in future taxation without express authority from the supreme political power of the State.
The fund must be actually in the parish treasury before any warrant can issue against it. Secs. 1 and 5, Act 30 of 1877.
We do not mean to say that police juries can not contract for improvements which they are authorized to make, to be paid out of the taxes which they are authorized to levy for parochial expenses, and which are set apart for this special improvement, but they can not issue any promissory note, draft or warrant in advance to cover this amount which may go into the treasury. It must be there before the warrant issues, unless by legislative authority they are authorized to issue the same in advance. Sterling vs. Parish of West Feliciana, 26 An. 59.
We are referred to the case of N. O. Gas Light Co. vs. City of New Orleans, 41 An. 91.
The contract to light the city was made under legislative authority granted in Section 7 of the city’s charter.
In this ease this court said in relation to the contract: “ We know of no other mode, and we have been referred to none. It is useless to refer to, or to analyze the purpose of distinguishing the difference existing in the decisions quoted by plaintiffs’ counsel on the points *890 of the case. They refer to bonds, notes and other obligations, evidences of indebtedness, not part, but clearly outside, of annual expenditures of city revenues for necessary cost of municipal government. They can have no possible application to a case involving a contract for lighting a city and the mode for paying for the same.”
There was ample power in the city under its charter to make the contract. We have been referred to no law which authorizes the parish of Avoyelles to make the assailed contract. Hence the case is not applicable to the present controversy.
The police jury of Avoyelles has undoubtedly the power to contract for the building of a bridge, and so long as the police jury confines itself within its powers, courts will not interfere with its discretion so as to dictate which particular contract should or should not be made. Gas Light Company vs. New Orleans, 41 An., not yet reported; Conery vs. Water Works Co., 41 An. 910.
In the instant case there is no attempt made by the seven tax payers to interfere with the discretion of the police jury in the exercise of the powers, vested in it by legislative grant, as to bridge building. The object and purpose of the suit is to prevent the issuing of evidences of indebtedness against a fund not yet in the parish treasury. This is prohibited by express legislative authority. 23 An. 232; 26 An. 59; Act No. 30 of 1877, Sec. 5.
Judgment affirmed.